IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LAMAR HATCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv880-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is petitioner Daniel Lamar Hatcher's ("Hatcher") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Cv. Doc. No. 1.[1] After considering the parties' submissions, the record, and the applicable law, the court concludes that Hatcher's § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## I. INTRODUCTION

On April 20, 2010, a jury found Hatcher guilty of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and aiding and abetting the possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

After his conviction, Hatcher filed a *pro se* motion for a new trial claiming ineffective assistance of counsel. Cr. Doc. No. 142. The district court denied that motion, finding Hatcher

---

[1] References to document numbers ("Doc. No.") are to those assigned by the Clerk of Court in this civil action ("Cv") or in Hatcher's criminal case, 2:09cr81-MEF ("Cr"). All page references are to those assigned by CM/ECF.

could not establish the required prejudice because of the overwhelming evidence of his guilt. *Id.*, Doc. No. 144. Hatcher filed another *pro se* motion requesting additional time to appeal the denial of his earlier motion for new trial and renewing a request for new counsel. *Id.*, Doc. No. 147. After a hearing on that motion, the district court granted Hatcher's request for a new trial and new counsel in "the interest of justice" under Rule 33 of the Federal Rules of Criminal Procedure. *Id.*, Doc. Nos. 158 and 159. The district court based its decision on the "strained relationship" and "lack of communication" between Hatcher and his trial counsel, Donnie Bethel. *Id.* at 4–5. Even so, the district court noted it was not granting the new trial based on ineffective assistance of counsel because, the court found, Bethel's performance was neither deficient nor prejudicial. *Id.* at 3–4.

The government appealed, and the Eleventh Circuit vacated the district court's order and remanded the case to the district court for further findings and explanation of the decision to grant Hatcher a new trial.[2] *United States v. Hatcher*, No. 10-13544, 2011 WL 4425314 (11th Cir. Sep. 23, 2011). On remand, in an order entered on February 14, 2012, the district court found that counsel's conduct and the communication breakdown between Hatcher and Bethel did not amount to ineffective assistance of counsel. Cr. Doc. No. 219. Accordingly, the court denied Hatcher's motion for a new trial. *Id.*

---

[2] In remanding the case, the Eleventh Circuit noted that it was unable to find any case in which it had upheld the grant of a new trial when a communication breakdown between a defendant and his attorney did not result in ineffective assistance of counsel. *United States v. Hatcher*, No. 10-13544, 2011 WL 4425314, at *8 (11th Cir. Sep. 23, 2011). The Court also expressed serious reservations about whether the record revealed anything other than adequate representation. *Id.* at *9–10.

Following a sentencing hearing held on August 8, 2012, the district court sentenced Hatcher to 300 months' imprisonment on each of the two counts of conviction, with the terms to run concurrently. Cv. Doc. No. 25-4

Hatcher appealed to the Eleventh Circuit, where he argued that the district court erred in denying his motion for a new trial based on his claim of ineffective assistance of trial counsel. Hatcher rested his ineffective assistance argument on an alleged communication breakdown with his trial counsel, Bethel, and the assertion that Bethel (1) requested evidence of a previous drug transaction that the prosecution was not aware of at the time, (2) neglected to explore whether the government had introduced into evidence the full quantity of drugs found at the crime scene, and (3) failed to cross-examine a government witness to Hatcher's satisfaction. On September 25, 2013, the Eleventh Circuit entered an opinion addressing Hatcher's ineffective assistance claims, finding that the claims lacked merit and affirming Hatcher's conviction. *United States v. Hatcher*, 541 Fed. App'x 951 (11th Cir. 2013).

On August 15, 2014, Hatcher filed this § 2255 motion raising claims that (1) the district court erred in allowing him to proceed *pro se* at sentencing without first conducting a thorough colloquy under *Faretta v. California*, 422 U.S. 806 (1975); (2) his counsel was ineffective for failing to challenge testimony regarding the crack cocaine seized at the scene of the crime and an alleged discrepancy in the amount of buy money recovered following the controlled buy from Hatcher; and (3) his counsel was ineffective for failing to investigate the facts of the case and, as a result, provided damaging evidence to the prosecution. Cv. Doc. No. 1 at 4–7; Cv. Doc. No. 2 at 3–8.

In May 2016, Hatcher amended his § 2255 motion to add a claim that his sentence enhancement as a career offender under United States Sentencing Guideline § 4B1.1(a) violates

3

the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), because his prior convictions for first degree robbery and two counts of second degree assault do not qualify as "crimes of violence" under U.S.S.G. § 4B1.2(a)'s residual clause. Cv. Doc. No. 23.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one was made. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### C. Hatcher's § 2255 Claims

#### 1. *Faretta and Self-Representation at Sentencing*

Hatcher claims his Sixth Amendment rights were violated when the district court allowed him to proceed *pro se* at sentencing without first conducting a thorough colloquy under *Faretta v. California*, 422 U.S. 806 (1975).[3] Cv. Doc. No. 1 at 4; Cv. Doc. No. 2 at 3–4.

---

[3] In his § 2255 motion, and at points in his supporting memorandum, Hatcher characterizes this ground for relief somewhat misleadingly as a claim that he "was denied his Sixth Amendment right to self-representation" at sentencing. *See* Cv. Doc. No. 1 at 4; Cv. Doc. No. 2 at 3. Hatcher

5

Hatcher did not raise this claim in the trial court or on direct appeal. Under the procedural default rule, a criminal defendant generally must raise available claims of error on direct appeal. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). If he does not, the rule bars him from raising those claims in a § 2255 motion. *Id.*; *see also Parks v. United States*, 832 F.2d 1244, 1246 & n.3 (11th Cir. 1987) (enforcing the rule where a defendant raised new claims of sentencing error on § 2255 review). A defendant may overcome procedural default by showing cause and prejudice: "cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error." *McKay*, 657 F.3d at 1196 (quoting *Lynn*, 365 F.3d at 1234) (internal quotation marks omitted).

Hatcher asserts no ground as cause to excuse his procedural default. While a meritorious claim of ineffective assistance of appellate counsel may serve as cause to excuse procedural default, *see United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000), Hatcher presents no claim that his appellate counsel was ineffective for failing to argue that the district court improperly allowed him to proceed *pro se* at sentencing without conducting a thorough *Faretta* colloquy. Consequently, Hatcher's substantive claim is defaulted and barred from review in this § 2255 proceeding.

Even if Hatcher's claim is not procedurally defaulted, it does not entitle him to a new sentencing hearing. The Sixth Amendment includes an implicit right to self-representation, and a defendant cannot be compelled to accept the assistance of counsel. *Faretta*, 422 U.S. at 819, 833– 34. To invoke the right to self-representation, a defendant must "knowingly and intelligently"

---

proceeded *pro se* at sentencing. It is clear from his arguments in his supporting memorandum that Hatcher is contending that, in the absence of a thorough *Faretta* colloquy, he exercised his right to self-representation without making a knowing and intelligent waiver of his Sixth Amendment right to counsel. *See* Cv. Doc. No. 2 at 3–4.

waive his right to counsel. *Id*. at 835. "The ideal method of assuring a voluntary waiver is for the trial judge to conduct a ... hearing at which the defendant would be informed of the charges, basic trial procedures, and the hazards of self-representation." *United States v. Stanley*, 739 F.3d 633, 645 (11th Cir. 2014) (citation omitted). This so-called *Faretta* hearing should make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835 (citation omitted). But the *Faretta* hearing is merely "a means to the end" of ensuring that a defendant's waiver is knowing and voluntary. *Stanley*, 739 F.3d at 645 (citation omitted). The lack of a *Faretta* hearing "is not error as a matter of law. If the trial record shows that a defendant knowingly and voluntarily elected to represent himself, the *Faretta* standard will be satisfied." *Id*. (citation omitted).

The Eleventh Circuit considers eight factors in determining whether a waiver of the right to counsel was knowing and voluntary:

> (1) the defendant's age, educational background, and physical and mental health; (2) the extent of the defendant's contact with lawyers prior to trial; (3) the defendant's knowledge of the nature of the charges, possible defenses, and penalties; (4) the defendant's understanding of rules of procedure, evidence and courtroom decorum; (5) the defendant's experience in criminal trials; (6) whether standby counsel was appointed, and the extent to which that counsel aided defendant; (7) mistreatment or coercion of the defendant; and (8) whether the defendant was trying to manipulate the events of the trial.

*Stanley*, 739 F.3d at 645–46 (citing *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065–67 (11th Cir. 1986)). Although a defendant's waiver must be knowing and voluntary at the time he makes it, the court may "look to subsequent events" to find "evidence of what would have been true when a defendant first waived his rights." *Id*. at 646; *see also Jones v. Walker*, 540 F.3d 1277, 1295 (11th Cir. 2008) ("We review Jones' performance during trial, not because we wish to determine whether his trial conduct was good or bad, but because his performance at trial provides some

circumstantial evidence of what he knew at the time he waived his right to counsel."). The Eleventh Circuit has applied this analysis to waivers of counsel made at sentencing. *See, e.g., United States v. Evans*, 478 F.3d 1332, 1339–40 (11th Cir. 2007); *Nelson v. Alabama*, 292 F.3d 1291, 1297–1301 (11th Cir. 2002).

Examining the record with the eight *Fitzpatrick* factors in mind, the court finds that those factors lead to the conclusion that Hatcher knowingly and voluntarily waived his right to counsel at sentencing.

First, Hatcher was 39 years old at the time of sentencing, had obtained a GED, and had no history of physical health issues. *See* Cv. Doc. No. 25-3 at 14–16. Hatcher's mental health issues were apparently limited to his participation in a treatment program for depression and anger while incarcerated in Alabama penitentiaries and his taking prescription medication for depression at some point. *Id*. at 15. These facts are insufficient to raise a concern about the validity of the waiver. *See Nelson*, 292 F.3d at 1301 (concluding, under 28 U.S.C. § 2254, that nothing in the defendant's history undermined the reasonableness of the state court's determination that his waiver was valid where the defendant was fifty years old and had obtained a GED).

Second, prior to his decision to proceed *pro se*, Hatcher had extensive contact with counsel, including court-appointed lawyers with the Federal Defender's office – two of whom, Bethel and James Lawley, actively represented him through a jury trial. A third attorney, Richard K. Keith, was appointed as Hatcher's counsel in June 2010 (after the district court granted Hatcher's new-trial motion) and represented Hatcher in subsequent proceedings, including the government's appeal from the order granting Hatcher a new trial, until April 5, 2012, when the district court granted Hatcher's motion to have Keith withdraw as his counsel and his motion to proceed *pro se*. Cr. Doc. Nos. 155, 229, and 234. *See Stanley*, 739 F.3d at 647–48 (representation by counsel until

first day of trial "likely exposed [the defendant] to the complexity of his case and the legal process"); *cf. Fitzpatrick,* 800 F.2d at 1066 (defendant's "significant contact" with an attorney before trial, even though he never actually retained counsel, was enough to satisfy this factor).

Third, as demonstrated by his actions and performance before and at the sentencing hearing, Hatcher had ample knowledge about federal sentencing, including possible penalties (such as application of career-offender enhancements under the Sentencing Guidelines) and also potential objections. Prior to the sentencing hearing, Hatcher filed *pro se* objections to several aspects of the PSI and a *pro se* motion for downward variance; further, at sentencing, he ably pursued arguments to support his objections and downward variance motion. Cr. Doc. Nos. 237–239; Cv. Doc. No. 25-4 at 3–17. *See Fitzpatrick*, 800 F.2d at 1067 (finding that defendant's "knowledge of possible defenses tends to show that he understood at least some of the complexities of his case").

Fourth, Hatcher demonstrated a sufficient understanding of the rules of procedure and courtroom decorum to conduct himself without apparent incident at sentencing. *See Stanley*, 739 F.3d at 646 ("[W]e consider how ably a *pro se* defendant performed in presenting his case as evidence of his understanding of rules of procedure, evidence, and courtroom decorum.").

Fifth, Hatcher had a substantial criminal history, indicating his significant experience with criminal trials (or, as is relevant here, sentencing proceedings). *Cf. Greene v. United States*, 880 F.2d 1299, 1304 (11th Cir. 1989) (remarking that a defendant's "substantial experience with the criminal justice system" is "a factor which weighs in favor of a finding of effective waiver").

Sixth, the record reflects that the district court, when granting Hatcher's motion to proceed *pro se*, appointed Keith as standby counsel to assist Hatcher with any advice he might seek

9

concerning sentencing. Cr. Doc. No. 234. Keith remained available to assist Hatcher in this capacity through the sentencing hearing. *See* Cr. Doc. Nos. 233 and 234; Cv. Doc. No. 25-4.

Seventh and eighth, the record contains no evidence either that Hatcher was mistreated or coerced into waiving his right to counsel or that he waived counsel in an effort to manipulate the proceedings. Hatcher clearly indicated his desire to proceed *pro se* by explicit statement to the district court at the hearing on his motion to have Keith withdraw as his counsel and, over four months later, at the sentencing hearing; by his various pre-sentencing motions; and by his efforts before and at sentencing to lodge *pro se* objections to the PSI. *See* Cr. Doc. No. 233; Cv. Doc. No. 25-4. At no time between the April 5, 2012 grant of his motion to proceed *pro se* and the August 8, 2012 sentencing hearing did Hatcher indicate to the court that he no longer wished to proceed *pro se*.

Considering all these factors, the court finds Hatcher knowingly and voluntarily elected to represent himself. Therefore, even when the merits of Hatcher's defaulted claim are considered, Hatcher demonstrates no basis for relief.

### 2. *Ineffective Assistance: Chain of Custody of Drugs and Buy Money*

Hatcher contends that his trial counsel, Bethel, was ineffective for failing to challenge the chain-of-custody testimony regarding the crack cocaine seized at the scene of the crime and an alleged discrepancy in the amount of buy money recovered following the controlled buy from Hatcher. Cv. Doc. No. 1 at 5; Cv. Doc. No. 2 at 5–7.

These alleged deficiencies in Bethel's performance were asserted by Hatcher in his motion for a new trial. Cr. Doc. No. 142. Hatcher argued these matters in a hearing before the district court held on December 16, 2011. *See* Cr. Doc. No. 219 at 5. In denying the new trial motion, the district court held that Hatcher's claims failed both the deficiency and prejudice prongs of

*Strickland*. *Id*. Specifically, the district court found that Bethel's decision not to inquire into the issues raised by Hatcher fell squarely within the realm of sound strategic decision making, *id*. at 5–6, and that even if Bethel had brought up these issues at trial, the outcome of the trial would have been the same, *id*. at 6. Hatcher pursued these claims in his appeal to the Eleventh Circuit. That court characterized Hatcher's arguments as "unpersuasive" before holding that Hatcher's ineffective assistance claims necessarily failed, because

> even assuming that defense counsel's performance was deficient, [Hatcher] cannot demonstrate prejudice in light of the overwhelming evidence of guilt presented at trial…. Considering this overwhelming evidence of guilt, Hatcher cannot demonstrate a reasonable probability that the result of the trial would have been different if his counsel had performed as Hatcher now urges.
>
> Because Hatcher has failed to show ineffective assistance of counsel, the district court did not abuse its discretion in denying his request for a new trial.

*Hatcher*, 541 Fed. App'x at 953–54.

"The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). Where a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be re-litigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343. Furthermore, "[a] rejected claim does not merit rehearing on a different, but previously available, legal theory." *Id*. Because the Eleventh Circuit has held that Hatcher failed to show ineffective assistance of counsel on the grounds asserted, he cannot re-litigate those claims through his § 2255 motion and they will not be reconsidered here.[4]

---

[4] This court notes that Hatcher fails to establish any defect in the chain of custody of the drug evidence or discrepancy in the amount of money recovered after the controlled buy. Regarding

### 3. Ineffective Assistance: Failure to Investigate

Hatcher also contends that Bethel was ineffective for failing to investigate the facts of the case and, as a result, provided damaging evidence to the prosecution. Cv. Doc. No. 1 at 7; Cv. Doc. No. 2 at 7–8.

In this claim, Hatcher refers to a matter he raised, like the above-discussed allegation of ineffective assistance, in his motion for a new trial. The claim was rejected as a basis for relief by both the district court and the Eleventh Circuit when Hatcher appealed from the district court's ruling. In his new trial motion, Hatcher argued that Bethel rendered ineffective assistance of counsel by requesting that the prosecution turn over evidence of an earlier drug transaction between Hatcher and the government informant, which Hatcher maintained the prosecution did not know about until Bethel made his request. The district court found that no prejudice resulted from Bethel's action and that Bethel acted reasonably in requesting the evidence. After Hatcher pursued this claim in his appeal to the Eleventh Circuit, that Court held that the district court was correct in finding Bethel's request for this evidence was reasonable and did not support a claim of deficient performance. Therefore, the Eleventh Circuit held that Hatcher was entitled to no relief based on this allegation of ineffective assistance of counsel. *See Hatcher*, 541 Fed. App'x at 953; *Hatcher*, 2011 WL 4425314, at *5–7. Because this claim, like Hatcher's other ineffective assistance claims, has been presented to the Eleventh Circuit and decided adversely to Hatcher, the claim cannot be re-litigated through Hatcher's § 2255 motion and will not be reconsidered here. *Nyhuis*, 211 F.3d at 1343.

### 4. Hatcher's *Johnson* Claim

---

the money, the Eleventh Circuit, after considering the relevant trial testimony, remarked, "Based on that testimony, it is difficult to see how counsel could possibly have established any discrepancy in the controlled buy money." *Hatcher*, 2011 WL 4425314, at *10 n.7.

In an amendment to his § 2255 motion, Hatcher claims that his sentence enhancement as a career offender under United States Sentencing Guideline § 4B1.1(a) violates the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), because his prior convictions for first degree robbery and two counts of second degree assault do not qualify as "crimes of violence" under U.S.S.G. § 4B1.2(a)'s residual clause. Cv. Doc. No. 23.

In *Johnson*, the Supreme Court determined that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See* 135 S. Ct. at 2557–59. More recently, however, in *Beckles v. United States*, __ U.S. __, __ S.Ct. __, 2017 WL 855781 (U.S. Mar. 6, 2017), the Supreme Court concluded that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Id*. at *5–6. Specifically, the Court held that *Johnson's* vagueness holding does not apply to the career offender provisions of the Sentencing Guidelines—i.e., the provisions under which the district court enhanced Hatcher's sentence. In view of *Beckles*' specific holding that *Johnson* does not apply to the residual clause of the career offender provisions of the Sentencing Guidelines, Hatcher is entitled to no relief on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Hatcher be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before March 27, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and

recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 13th day of March, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge