IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LAMAR HATCHER, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Civil Action No. 2:14cv880-WKW ) (WO) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Before the court in this closed § 2255 case is federal prisoner Daniel Lamar Hatcher's *pro se* "Motion to Submit Newly Discovered Evidence in Light of Rule 15(c)(1)(B) Pursuant to 28 U.S.C. § 2255." Doc. No. 52. Hatcher asserts that he has newly discovered evidence to support the claim of ineffective assistance of counsel that he presented in his § 2255 motion filed in August 2014. *Id*. at 4–6. He maintains that his new evidence arose from the same conduct and occurrence as the earlier ineffective assistance claim and therefore "relates back" to the filing date of his § 2255 motion under Fed.R.Civ.P 15(c)(1)(B). *Id.* at 6–8. Hatcher's § 2255 motion (Doc. No. 1) was denied by the district court in May 2017 and subsequently was denied by the Eleventh Circuit, which rendered the case closed. *See* Doc. Nos. 33, 41, 42, and 51.

### II.   DISCUSSION

Amendment of a § 2255 motion is not permitted after judgment has been rendered. *See Burns v. United States*, 152 F. App'x 887, 889 (11th Cir. 2005). Judgment has been rendered on Hatcher's § 2255 motion filed in August 2014. Therefore, there is no pending

§ 2255 motion for Hatcher's attempted amendment to relate back to. *See Whitaker v. City of Houston*, 963 F.2d 831, 834–35 (5th Cir. 1992); *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) ("the 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back"); *see also Jones v. United States*, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002) (because petitioner's new § 2255 motion was not filed until after his previous § 2255 motion had been denied by the district court, his new motion could not be considered an "amendment" to the previous § 2255 motion with claims relating back to the previous motion).

In *Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004), the Eleventh Circuit held that where a habeas petitioner seeks to file a pleading in the district court purporting to be an amended petition for habeas relief after the district court has reviewed and denied a previous habeas petition on its merits, the "amended petition" is properly regarded as a successive petition, requiring authorization from the court of appeals. 379 F.3d at 1246–47. Thus, this court considers Hatcher's present motion to be a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[1] A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Antiterrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his pleadings in a manner designed to avoid those procedural restrictions. *See Wofford v. Scott*, 177 F.3d 1236, 1244, 1245 (11th Cir. 1999).

---

[1] The basis for the holding in *Hubbard*, which involved a state prisoner in proceedings under 28 U.S.C. § 2254, applies equally to § 2255 proceedings and federal prisoners. There is no material difference in the relevant statutory language pertaining to successive § 2254 petitions and successive § 2255 motions, or in the way the issues arising from that language should be resolved. *See Burns v. United States*, 152 F. App'x 887, 890 (11th Cir. 2005).

The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

"The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). Hatcher has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. Because Hatcher has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider the merits of his present § 2255 motion and the motion is due to be dismissed for lack of jurisdiction. *Farris*, 333 F.3d at 1216; *see also Burns v. United States*, 152 F. App'x 887, 890 (11th Cir. 2005); *Hubbard,* 379 F.3d at 1246–47.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the successive § 2255 motion (styled by Hatcher as a "Motion to Submit Newly Discovered

Evidence in Light of Rule 15(c)(1)(B) Pursuant to 28 U.S.C. § 2255") (Doc. No. 52) be DISMISSED for lack of jurisdiction, as Hatcher has failed to obtain the required order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before august 19, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 5th day of August, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge